UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHERYL DANCY,

Plaintiff,

vs.

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER RAFAL KORYCKI (shield # 1607), POLICE OFFICER TRAVIS TENANT (shield # 19692),

Defendants.
----------------------------------------------------------------------X

14 Civ. 07293 (BMC)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. The Defendants deprived Plaintiff of her constitutional rights when Defendants used excessive force, caused the unjustifiable arrest and unlawful confinement of Plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. The Plaintiff Cheryl Dancy is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

5. New York City Police Officer Rafal Korycki was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Korycki is being sued in his individual capacity.

6. New York City Police Officer Travis Tenant was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Tenant is being sued in his individual capacity.

7. At all times relevant herein, the individual Defendants, Officer Korycki and Officer Tenant were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were each acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and

conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

**STATEMENT OF FACTS**

9. On October 12, 2013, Plaintiff Cheryl Dancy resided at 14 Alice Court, Brooklyn, N.Y.

10. Plaintiff is employed full-time as the Security Director at the Westin Hotel in Manhattan, and has been employed there for the past eleven years.

11. Prior to being employed as Security Director at the Westin Hotel, Plaintiff was employed as a New York City Police Officer for approximately seven years.

12. On October 12, 2013 at approximately 9:30 p.m., Plaintiff was in bed at her home when she heard her raised voices outside her door. Plaintiff got out of bed and rushed outside to see what was going on. When Plaintiff got out of bed and went outside, she was wearing only her nighshirt, capri pajama pants, and flip-flop sandals.

13. Once outside, Plaintiff observed the Officer Defendants arguing with her son, Curtis Dancy. The Officer Defendants were accusing Curtis of smoking marijuana in public. The Officer Defendants, however, had not found any marijuana in the vicinity or on Curtis even though they went through his pockets.

14. Plaintiff began speaking to the Officer Defendants about what was going on and while they were speaking, Curtis walked inside of Plaintiff's home and shut the door.

15. Thereafter, the Officers Defendants demanded that Plaintiff open the door to her

home and allow them to go inside, threatening that if she failed to comply that they would break her door down. Plaintiff refused to open her door. Officer Defendants responded that someone is getting arrested tonight.

16.  Immediately thereafter the Officer Defendants violently grabbed Plaintiff and threw her forcefully, face first, into a parked vehicle. The Officer Defendants then forcefully jerked Plaintiff's arms back behind her, held her down and handcuffed her.

17.  When the Officer Defendants grabbed and violently threw Plaintiff, face first into a parked vehicle, held her down forcefully and jerked her arms behind her back her while handcuffing her, they caused her to have numerous injuries, including, multiple bruises, muscle pains and injury to her forearm and back requiring medical attention in an emergency medical department after her arraignment and release as well as follow up care a few days later.

18.  When the Officer Defendant's grabbed and threw Plaintiff, they caused her breast to be exposed for an extended period of time making it visible to her neighbors, the Officer Defendants, other police officers on the scene and other people standing around watching what was going on, causing Plaintiff to feel shame, humiliation and extreme emotional distress.

19.  As a result of the Officer Defendant's excessive force Plaintiff experienced headaches, neck, hip, forearm and back pain, for weeks after the incident.

20.  The Officer Defendants then took Plaintiff to the 79th precinct. There, police officers fingerprinted, photographed and placed her into a holding cell for an extended period of time. While in the holding cell, Officer Defendants refused to allow Plaintiff a change of clothes despite the fact that she was only clad in her night clothes. Plaintiff was eventually given a sweatshirt and pants the following day prior to being transported to Central Booking. Following that they took her to Central

Booking. There they placed her in a cell for many hours until she was finally arraigned on October 14, 2013. Plaintiff was charged with Obstructing Governmental Administration in the Second Degree (PL 195.05), Resisting Arrest (PL205.30), Disorderly Conduct (PL240.20(1), Attempted Assault in the Third Degree (PL 110/120.00(1), and Harassment in the Second Degree (PL 240.26(1), under docket number 2013KN079729, in Kings County, Criminal Court.

21. After proceedings in Kings County Criminal Court, Plaintiff's case was resolved with an Adjournment in Contemplation of Dismissal on November 13, 2013.

22. The charges against Plaintiff were dismissed and sealed after the expiration of the Adjournments in Contemplation of Dismissal.

23. The assault and arrest of Cheryl Dancy were far in excess of the Officer Defendants rightful authority as New York City police officers. The arrest of Plaintiff was unlawfully made without reasonable suspicion or probable cause.

24. In addition to the extensive physical injuries described above, Plaintiff also continues to suffer from ongoing physical pain and experienced and continues to experience psychological pain, suffering, and mental anguish and other losses.

25. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

**Violation of Plaintiff's Rights under § 1983, the U.S. Constitution, andthe Fourth and the Fourteenth Amendments**

26. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

paragraphs marked 1 through 25 with the same force and effect as if more fully set forth at length herein.

27. By reason of the foregoing, when Officer Defendants grabbed Plaintiff, exposed her breast, slammed her face first against a parked vehicle, forcefully held her down and jerked her arms back behind her, which caused her to sustain serious injuries, the Officer Defendants used unreasonable and excessive force against Plaintiff and/or failed to prevent other officers from doing so, and thereby deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

28. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

29. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

30. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### Assault

32. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. The Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

34. By reason of the foregoing, and by grabbing Plaintiff, slamming her face first against a parked vehicle, holding her forcefully down and jerking her arms back behind her back, the Officer Defendants committed the torts of assault and/or failed to prevent other officers from doing so.

35. The Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff Cheryl Dancy in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to Plaintiff Cheryl Dancy, and that such act(s) caused apprehension of such contact in the Plaintiff.

36. The assault and battery by the Officer Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable use of force.

37. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers.

38. The Officer Defendants acted beyond the scope of their jurisdiction, without authority

of law, and abused their powers.

39. Defendants, their officers, agents, servants, and employees were responsible for the assaults on the Plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION

### Battery

41. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. The Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, or failed to prevent other officers from doing so, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

43. By reason of the foregoing, and by grabbing Plaintiff, slamming her face first against a parked vehicle, holding her forcefully down and jerking her arms back behind her back, causing her injuries including, bruises, pain in her neck, hip, back, head and forearm, Defendants committed the torts of battery and/or failed to prevent other officers from doing so.

44. Officer Defendants were at all times agents, servants, and employees acting within the

scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for her conduct.

45. Defendants, their officers, agents, servants, and employees were responsible for the battery of the Plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

47. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### False Arrest

48. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

49. The Officer Defendants wrongfully and illegally arrested and imprisoned Plaintiff and/or failed to prevent other officers from doing so.

50. The wrongful, unjustifiable and unlawful arrest and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable or reasonable cause.

51. The Officer Defendants further falsely arrested and imprisoned Plaintiff when they held her in custody for an extended and unreasonable period of time after falsely arresting her.

52. At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning Plaintiff.

53. At all relevant times, Plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of her liberty, and imprisoned.

54. At all times mentioned, the unlawful, wrongful, and false imprisonment of Plaintiff was without right and without cause.

55. All of the foregoing occurred without any fault or provocation on the part of Plaintiff.

56. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's arrest and imprisonment during this period of time.

57. The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, and are guilty of egregious and gross misconduct towards Plaintiff.

58. Officer Defendants were at all times agents, servants, and employees acting within the scope of her employment by the City of New York and the New York City Police Department, which are therefore responsible for her wrongdoing under the doctrine of *respondeat superior*.

59. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**FIFTH CAUSE OF ACTION**

**Negligent Hiring, Retention, Training and Supervision**

61. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein.

62. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent her unlawful arrest, and prevent the use of excessive and unreasonable force against her.

63. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff, or to those in a like situation, would probably result from this conduct.

64. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

65. Upon information and belief, Defendant City, through the NYPD, knew or should have known through the exercise of reasonable diligence that the Officer Defendants had a propensity to commit the misconduct that caused Plaintiff's injuries.

66. Upon information and belief, Defendant City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiff's injuries.

## SIXTH CAUSE OF ACTION

### Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees

67. The Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 66 with the same force and effect as if more fully set forth at length

herein.

68. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause comprised a violation of Plaintiff's civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

69. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of Defendant, the City of New York through the New York City Police Department.

70. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for their use of excessive force against Plaintiff.

71. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of Plaintiff.

72. Under this custom, usage, practice or policy, The City of New York:

 (a) encouraged and/or condoned, the use of excessive force, unlawful arrest and detention without probable cause;

 (b) encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause, and falsely accusing and arresting individuals;

 (c) failed to adequately screen applicants to the New York City Police Department;

 (d) failed to investigate, the excessive use of force, unlawful arrest and detentions by the New York City Police Department;

 (e) failed to provide adequate training to its New York City Police Department

regarding the use of force with emotionally disturbed people, the constitutional limits of force with emotionally disturbed people, the proper use of weapons including handcuffs and the proper method of detaining and arresting emotionally disturbed people.

## SEVENTH CAUSE OF ACTION

### False Arrest

### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. By falsely arresting the Plaintiff without probable cause, and holding her under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived the Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

75. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

76. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

77. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the

United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff sustained the damages herein before alleged.

**JURY DEMAND**

79. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $5,000,000 against the individual Defendants, Police Officer KORYCKI, Police Officer TENANT and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual Defendants, jointly and severally.

a. That the Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

b. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED: March 4, 2015
New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
LAW OFFICE OF RICHARD P. REYES, P.C.

                                            305 Broadway, Suite 701  
                                            New York, New York 10011  
                                             (212) 966-3761  
                                            (917) 572- 8487  
                                            Attorney for Plaintiff